UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRELL LEE INGMIRE-LOPEZ,<br><br>                        Petitioner,<br><br>   v.<br><br>WHATCOM COUNTY JAIL,<br><br>                        Respondent. | Case No. C24-305-JCC-SKV<br><br>REPORT AND RECOMMENDATION |

      Petitioner Darrell Lee Ingmire-Lopez initiated this action on February 28, 2024, with the submission of a document which he identified as a "Notice of Appeal" of a Washington Supreme Court ruling that related to his efforts to withdraw a guilty plea he entered in the Whatcom County Superior Court criminal case pursuant to which he was then confined. *See* Dkts. 1, 4-1 at 3-5. Also included in Petitioner's submission were a number of other documents related to his Whatcom County criminal case. *See* Dkts. 4-1, 4-2. Because it appeared Petitioner was seeking to challenge his Whatcom County criminal judgment, the Court construed Petitioner's submission as a petition for writ of habeas corpus under 28 U.S.C. § 2254. However, Petitioner subsequently submitted a number of miscellaneous documents in which he appeared to take issue

REPORT AND RECOMMENDATION
PAGE - 1

with the construction of his original submission as a federal habeas petition, and he suggested he had intended to file a federal tort claim action. *See* Dkts. 4-7.

Given the confusion created by Petitioner's various submissions as to the type of action he intended to pursue here, the Court, on March 26, 2024, issued an Order directing Petitioner to file a proper pleading. Dkt. 8. The Court explained therein that in order to proceed with this action, Petitioner would have to submit an actual pleading in which he clearly identified the type of action he intended to pursue and the specific claims he intended to assert. *Id.* at 2. In an effort to aid Petitioner in deciding what type of action might be most appropriate to pursue, the Court provided him some basic information about limitations the United States Supreme Court has imposed on claims relating to criminal convictions. *See id*. at 2. The Court also provided Petitioner copies of its standard § 2254 petition form and its standard prisoner civil rights complaint form to further assist him in filing a proper pleading. *Id*. at 3.

On April 29, 2024, and again on May 8, 2024, the Court received motions from Petitioner seeking clarification of the Court's Order directing him to file a proper pleading. Dkts. 13, 14. In particular, Petitioner expressed concern that the Court had denied him the opportunity to pursue a federal/economic tort claim and he sought clarification on that point. *See id.* On May 13, 2024, the Court issued an Order addressing Petitioner's motions, explaining therein that the Court had neither accepted nor rejected any specific claim, it had merely directed Petitioner to clarify his intentions. Dkt. 15 at 3. The Court advised that only after Petitioner submitted a proper pleading would it review the substance of his claim(s) to determine if he had presented any viable claim(s) for relief. *Id.* The Court further advised that, because Petitioner's submissions to that point had been very difficult to decipher, he would be required to submit his pleading on one of the Court's standard forms and to provide all information requested on the

REPORT AND RECOMMENDATION
PAGE - 2

form he chose to submit. *Id.* Petitioner was given a deadline of June 17, 2024, to submit his pleading and he was once again provided copies of the Court's standard § 2254 petition and prisoner civil rights complaint forms. *See id.* at 4.

On June 12, 2024, the Court received from Petitioner a motion for extension of time and a notice of change of address in which he indicated he was no longer in custody, and he required an extension of the Court's June 17, 2024, deadline in order to obtain access to the Court's e-filing system. *See* Dkt. 19. On June 18, 2024, the Court issued an Order granting Petitioner a final brief extension of time until July 8, 2024, to submit a proper pleading given his change of circumstances. Dkt. 20.

On July 5, 2024, the Court received a pleading from Petitioner which was submitted on a Petition for Writ of Habeas Corpus form acquired from the State of California. Dkt. 21. Though unclear, Petitioner appears to challenge in his pleading convictions from the State of Washington and the State of California, and to assert claims under 42 U.S.C. § 1985 alleging interference with his civil rights. *See id.* Petitioner identifies multiple Respondents in his petition including the Whatcom County Jail, Western State Hospital ("WSH"), the State of Washington, Atascadero State Hospital, and the State of California. *See id.* at 2. Petitioner indicates as well that in addition to filing his pleading in this Court, he also filed it in the supreme courts of both California and Washington, and in the Ninth Circuit Court of Appeals. *See id.*

Most recently, on July 15, 2024, the Court received a letter from Petitioner in which he indicates he needs to have his case dismissed and expresses his belief that if the case is not dismissed, he will be returned to prison to "keep [him] from showing what our legal system . . . has become." Dkt. 22 at 1. Later in his letter, Petitioner expresses his desire for the Court to

REPORT AND RECOMMENDATION
PAGE - 3

"make a prompt response" to his writ "and free [him] from further false arrests and possible death." *Id*. at 2.

As previously noted, the purpose of directing Petitioner to file a proper pleading, and directing that he do so on one of the Court's standard forms, was to clarify the type of action Petitioner intends to pursue here and the claims he intends to assert. Petitioner's recent submission does not accomplish that purpose. Petitioner did not submit his pleading on one of this Court's standard forms and his pleading, though it purports to be a petition for writ of habeas corpus, appears to allege various civil rights causes of action in addition to presenting challenges to multiple criminal convictions. Notably, the form on which Petitioner submitted his pleading requests information about the subject matter of the petition and provides seven options including "A conviction," "A sentence," "Jail or prison conditions," "Parole," "Credits," "Prison discipline," and "Other," and Petitioner checked every box. Dkt. 21 at 3. In addition, Petitioner created boxes of his own for "civil claims," "criminal charges," and "multiple false sentencings." *See id*. The manner in which Petitioner completed the form does nothing to clarify the type of action he intends to pursue here.

The Court notes as well that Petitioner's claims, as set forth in his pleading, are largely incomprehensible. Petitioner identifies seven "grounds for relief" in which he alleges that: (1) he is entitled to diplomatic immunity, he is attempting to have his "triple A gold bonds" reissued, and he has various stock holdings that "Buckingham Palace King Charles" can verify (*see* Dkt. 21 at 4); (2) he is a decorated military veteran, he was a "kid bomber" during the Vietnam War, and he is a Cherokee Indian but has been unable to obtain his native Cherokee registration (*id.* at 5); (3) he has multiple important inventions to his credit but cannot get patents and/or royalties because he cannot afford an attorney or the patent application fees (*id.* at 6); (4) he won the $25

million Ed McMahon Sweepstakes in 1991 and this caused him to lose his family and friends (*id.* at 7); (5) he has been subjected to false charges, false arrest, false court proceedings, and false incarceration in relation to various criminal cases in both California and Washington (*id*. at 8-9); (6) he was forcibly medicated at WSH, forced to plead guilty in his Whatcom County criminal proceedings, and subject to false sentencing (*id.* at 57); and (7) he was subjected to conditions of confinement in jail, prison, and at WSH, that violated his civil rights (*id.* at 58). None of these claims is sufficiently clear to demonstrate any entitlement to relief in either a federal habeas action or a civil rights action.

Petitioner has been granted multiple opportunities to present a viable pleading and has been provided instructions on how to do so, but he has been unable to adequately clarify his claims or the intended purpose of this action. Accordingly, this Court recommends that the instant action be dismissed. This Court further recommends that Petitioner's pending application to proceed *in form pauperis* (Dkt. 4), and his recent request to dismiss this action or rule on his petition (Dkt. 22), be stricken as moot. A proposed Order accompanies this Report and Recommendation.

//
//
//
//
//
//
//
//

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 16, 2024**.

DATED this 26th day of July, 2024.

S. KATE VAUGHAN
United States Magistrate Judge